FILED
Clerk
District Court

JAN 12 2023

for the Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

NICHOLAS YAROFALCHUW,

    Plaintiff,

    v.

JOHN CABRERA and DANNY FITIAL,

    Defendants.

Civil Case No. 1:22-cv-00001

**DECISION & ORDER DENYING
PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT**

    Before the Court is Plaintiff Nicholas Yarofalchuw's ("Yarofalchuw") Motion for Leave to Amend Complaint (ECF No. 49) together with his proposed first amended complaint (ECF No. 49-1) and other supporting documents (ECF Nos. 49-2, 49-3). Defendants John Cabrera ("Cabrera") and Danny Fitial ("Fitial") (collectively "Defendants") opposed the motion (ECF Nos. 50, 51), and Yarofalchuw replied (ECF No. 54). Having reviewed the parties' briefs and controlling law, the Court deems this matter suitable for disposition without oral argument and DENIES Yarofalchuw's motion for the following reasons.

**I.   FACTUAL & PROCEDURAL BACKGROUND**

    Yarofalchuw filed his Complaint on January 3, 2022 asserting a single cause of action: deprivation of civil rights under 42 U.S.C. § 1983. (Compl. 3, ECF No. 1.) In particular, Yarofalchuw maintains that Defendants unlawfully arrested him without a warrant and absent exigent circumstances. (*Id.* ¶ 16.) Regarding the physical seizure, "Defendant Fitial, under the supervision of Defendant Cabrera, ordered Plaintiff to get into Defendant Fitial's vehicle." (*Id.* ¶ 12.) Otherwise, no further facts about the seizure were detailed.

1

1

2

3

4

5

6

7

8

   After Defendants filed their Answers (ECF Nos. 8, 9), the Court promptly set a case management conference (ECF No. 10). Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 16.2(b), the parties filed a joint case management statement and agreed that "[n]o party expects to add any additional parties, or to otherwise amend the pleadings." (ECF No. 11 at 1.) At the subsequent conference, the parties discussed with the Court the relevant deadlines and a scheduling order was issued. (Scheduling Order, ECF No. 13.) The following relevant deadlines were set:

9

10

11

12

13

| Initial Disclosure Deadlines | March 30, 2022 |
| Joinder of Parties/Amendment of Pleadings | April 21, 2022 |
| Fact/Expert Discovery Cutoff | September 16, 2022 |
| Dispositive/*Daubert*-type Motions Deadline | February 16, 2023 |

14

(*Id.* 1-2.)

15

16

17

18

19

20

   On May 23, 2022, after the deadline to amend the pleadings passed, and long before the dispositive motions deadline, Yarofalchuw filed his motion for summary judgment (ECF No. 15). Defendants cross-moved for summary judgment (ECF No. 20). After a hearing, the Court granted Defendant Fitial's cross-motion for summary judgment based on qualified immunity and dismissed him from the case on September 1, 2022. (Mins., ECF No. 28.)

21

22

23

24

25

26

27

28

   The day discovery was due on September 16, 2022, and five months after the deadline for amending the pleadings, Yarofalchuw and Defendant Cabrera stipulated to stay the deadlines in the scheduling order. (Stipulation, ECF No. 32.) That stipulation requested the stay of "the pending deadlines of discovery and all other deadlines, except the trial date[.]" (*Id*. (citation omitted).) The Court granted the stipulation staying "the pending deadlines of discovery and all other deadlines, except the trial date, set out in the Scheduling Order[.]" (ECF No. 33 at 1 (citation omitted).) "Discovery and all other deadlines set out in the Scheduling Order are hereby stayed, except for

the bench trial date of June 5, 2023." (*Id*. at 1 (citation omitted).).

For the first time and nine days after the stay order issued, Yarofalchuw expressly indicated an excessive force claim in his Motion to Reconsider Ruling or Alter and Amend Judgment. (ECF No. 37 at 5.)

In December 2022, the Court denied Yarofalchuw's motion to reconsider, reiterated its grant of Defendant Fitial's cross-motion for summary judgment, and granted the cross-motion for summary judgment as to Defendant Cabrera. (Mins., ECF No. 48.) At the same time, Yarofalchuw orally moved to amend the complaint to include a claim of excessive force. (*Id*.) The Court permitted Yarofalchuw to file a formal written motion to that effect. (*Id*.)

Yarofalchuw filed this motion to amend the complaint on December 8, 2022 (ECF No. 49). Pursuant to Local Rule 15.1, he also submitted his proposed first amended complaint. (ECF No. 49-1.) This first amended complaint, Yarofalchuw points out, is substantially the same as the complaint submitted in the Commonwealth of the Northern Mariana Islands ("Commonwealth") Superior Court, filed on October 6, 2022. (Mot. 1 n.1; ECF No. 49-2.) In it, he claims Defendant Fitial arrested Yarofalchuw in handcuffs with "such force and violence as to cause sharp pain and suffering to Plaintiff in his arms and shoulders, both at the time and afterward." (ECF No. 49- ¶ 12.) "The degree of force Defendants used toward Plaintiff was excessive under the circumstances, including but not limited to the nonseverity of the crime at issue, and the absence of any immediate threat to the safety of themselves or others." (*Id*. ¶ 15.) Therefore, Yarofalchuw concludes, "[a]n arrest [was] made with a degree of force that is objectively unreasonable under the totality of the existing circumstances [and] is also an unreasonable and illegal seizure." (*Id*. ¶ 18.)

## II.  LEGAL STANDARD

When a party seeks to amend a pleading after the deadline for doing so has passed, the request implicates both Federal Rule of Civil Procedure 15 and 16. *See Johnson v. Mammoth Rec., Inc.*,

975 F.2d 604, 607-08 (9th Cir. 1992). Rule 16(b) governs the issuance and modification of pretrial

scheduling orders, while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 15(a), 16(b).

But "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to [Rule 16] which

established a timetable for amending pleadings that rule's standards control[.]" *Johnson*, 975 F.2d

at 607-08.

## A. Modifying Scheduling Order

Pursuant to Rule 16(b), a district court's pretrial scheduling order "must limit the time to

join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P.

16(b)(3)(A). Once the scheduling order has been filed, it may be modified only at the discretion of

the judge and "for good cause[.]" *Id*. at 16(b)(4). This may be established if the party seeking

modification establishes diligence. *See Johnson*, 975 F.2d at 609 ("Rule 16(b)'s 'good cause'

standard primarily considers the diligence of the party seeking the amendment."). "The district

court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the

party seeking the extension.'" *Id*. (quoting Fed. R. Civ. P. 16 advisory committee's notes (1983

amendment)). Various considerations may be entertained by a district court including

circumstances beyond the parties' control and the promptness in seeking amendment once it

became apparent that a new schedule was needed. *See Macias v. Cleaver*, 2016 WL 8730687, at

*3 (E.D. Cal. Apr. 8, 2016) (citation omitted); *M.H. v. County of Alameda*, 2012 WL 5835732, at

*2 (N.D. Cal. Nov. 16, 2012) (considering, in addition, "cooper[ation] with the Court to create a

workable schedule"). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at

609.

## B. Amending Pleadings

Once the movant satisfies its burden to establish good cause under Rule 16(b), a court will

then consider the permissibility of amendment under Rule 15. *Id*. at 608 (citation omitted). Under

4

Rule 15(a), leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted). Factors used to determine the propriety of a motion for leave to amend "include undue delay, bad faith, futility of amendment, and prejudice to the opposing party." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973).

**III.    DISCUSSION**

Yarofalchuw's argument that Rule 16's good cause and diligence standard does not apply is unavailing. Rule 16 does apply and, in this case, Yarofalchuw has not demonstrated diligence nor established good cause for his motion to amend the scheduling order. As such, the Court need not analyze whether it should grant Yarofalchuw leave to amend under Rule 15. *See Ordaz v. Gonzalez v. County of Fresno*, 2020 WL 3412731, at *4 (E.D. Cal. June 22, 2020) (citation omitted) ("Despite Plaintiffs' contentions, there is no 'conflict within the Ninth Circuit' regarding the Court's discretion to decline to consider Rule 15 where a motion is filed after the amendment deadline has lapsed and the plaintiff has failed to establish good cause."); *Mabonga v. Univ. Med. Ctr.*, 2010 WL 2160087, at *1 (D. Nev. May 25, 2010) (citing *Johnson*, 975 F.2d at 607-08) ("Once the court has filed a pretrial scheduling order pursuant to Rule 16, with a timetable for amending pleadings, a motion for leave to amend is governed first by the standards of Rule 16(b) and only secondarily by Rule 15(a) if the Rule 16(b) standards are met."); *Villa v. Brass Eagle, LLC*, 2007 WL 446349, at *2 (D. Ariz. Feb. 7, 2007) ("Having concluded that plaintiff failed to meet its burden under Rule 16's good cause standard, we need not discuss its ability to conform to Rule 15.").

**A. Federal Rule of Civil Procedure 16's Good Cause Standard Applies.**

As a threshold matter, Yarofalchuw argues that the Court's Order Granting Stipulation to

Stay Deadlines (ECF No. 33)—filed five months after the deadline to amend the pleadings—stayed all deadlines, past and pending. (Mot. 2.) "Significantly, the Court did not stay only the 'remaining' deadlines in the Scheduling Order, but rather 'all' the deadlines set out there." (*Id.* (citations omitted)) Therefore, Yarofalchuw concludes, the deadline to amend the pleadings was retroactively stayed and Rule 16's good cause standard for modifying a scheduling order is not implicated. (*Id.*) He asserts, "the case as a whole is governed by the Order, and that the Order itself is categorical and unequivocal. The pertinent question is not what the Court should have done, or what the Court intended to do . . .but rather the actual procedural situation existing in the case at the time Plaintiff's Motion for Leave to Amend was filed." (Reply 3, ECF No. 54.)

Yarofalchuw's argument that a stay retroactively applies to expired deadlines is unpersuasive. He cites to one case from the Western District of Kentucky that clarified its order would stay all *remaining* deadlines—not *past* deadlines: "The May 25, 2016 order stayed all remaining pretrial deadlines. It had no effect on the November 1, 2015 amendment deadline, which had already passed." *Watkins v. Tr. Under Will of William M. Bullitt*, 2017 WL 11485722, at *4 (W.D. Ky. Mar 31, 2017). But, in addition to *Watkins* being a district court decision outside this Circuit, the *Watkins* court did not reason that express language to avoid retroactive application is required. Furthermore, other courts within the Ninth Circuit have suggested that stays are inapplicable to expired deadlines. *See SFR Invs. Pool 1, LLC v. Fed. Home Loan Mortg. Corp.*, 2020 WL 4059696, at *4 (D. Nev. July 20, 2020) (citation omitted) ("The scheduling order's deadline to amend the pleadings expired on July 31, 2015, before I entered a stay in this case; and after I lifted the stay the parties agreed not to reopen this deadline."); *Slater & Assoc. Ins. v. Roork*, 2007 WL 3026944, at *1 n.1 (D. Ariz. Oct. 16, 2007) (clarifying that the party may move to stay deadlines in a temporary restraining order "assuming those deadlines have not already expired.'" *Woodruff v. Jewell*, 2015 WL 2095824, at *2 (D. Idaho May 5, 2015) ("It is also notable that

Plaintiff's stay request appears to assume he will be granted leave to amend his complaint (for a third time) . . . even though the deadline for amendment of pleadings expired months ago.").

Common sense dictates that a stay of a scheduling order would stay pending and remaining deadlines—not expired deadlines. Apart from the *Watkins* case—which does not lean in favor Yarofalchuw's position—Yarofalchuw has failed to support his argument. In fact, Rule 16(b)(4) expressly mandates good cause and the judge's consent for modification—a stay would not affect this rule. Rather, the parties would still have to establish good cause for modifying the scheduling order even after the stay concludes. In this case, Yarofalchuw would have to establish good cause for modifying the scheduling order, then excusable neglect for justifying an extension of the expired deadline, *see* Fed. R. Civ. P. 6(b)(1)(B), and then satisfy Rule 15 to amend the pleadings. Rule 16 veritably applies.

**B.  Plaintiff Has Not Met the Good Cause Standard in Federal Rule of Civil Procedure 16.**

Yarofalchuw asserts that even if Rule 16 applies, he has established reasonable diligence for the Court to find good cause. (*See* Mot. 3-4.) He argues (1) the Commonwealth Department of Public Safety was informed on their use of excessive force, (2) his original complaint states his claims "broadly enough . . . to allow for evidence of excessive force[]," (3) excessive force need not be a separate claim because the facts concern "a single seizure that was unreasonable three different reasons[,]" including excessive force, and (4) his counsel believed that the action could be resolved on other grounds, i.e., the lack of a warrant. (*Id.*) Finally, because reasonable diligence is a fact specific inquiry, the facts here reveal the case is in its early stages and therefore he has diligently sought leave to amend: "[The] combination of an early summary judgment motion, prior to discovery, and a stay of all discovery pending resolution of the motion resulted in a situation where, at the resolution of the summary judgment motion, the case was in procedurally approximately the same spot as it would have been following the resolution of a motion to dismiss.

Plaintiff's motion to amend therefore comes at what is in fact only in the beginning of the case."

(Reply 3-4.) Yarofalchuw suggests that his early filings and the Court's early determination that

his original strategy would not succeed should cause the Court to find that he has been diligent in

seeking modification of the scheduling order.

Simply because Yarofalchuw is now shifting his litigation strategy against Defendants to

another claim does not mean he has demonstrated diligence and established good cause, as required

by Rule 16. The Court agrees with Defendant Fitial: Yarofalchuw was aware of the excessive force

claim at the time he filed his original complaint and yet made the decision at that time not to

include it. That he now sees the value of an alternative claim or theory of liability after an adverse

ruling by the Court on his early motion for summary judgment is insufficient to put Defendants on

notice, let alone the Court.

Yarofalchuw argues that Defendants have been on notice since the inception of this case.

But that is not entirely accurate. While Defendants may have known that Yarofalchuw complained

of the use of force after his arrest, they did not know that Yarofalchuw would actively litigate the

matter. Nothing in the original complaint said so, and Defendant Fitial's counsel also points out

that Yarofalchuw's "Initial Disclosures did not provide any specific detail demonstrating excessive

use of force . . . [or] evidence of damages arising out of the arrest[.]" (Decl. Blaise ¶¶ 5-6, ECF

No. 51-1.) To be sure, Yarofalchuw filed an action against the Commonwealth in the

Commonwealth Superior Court asserting the same excessive force allegations. But that complaint,

as provided by Yarofalchuw, shows that it was filed on October 6, 2022—ten months after the

District Court complaint was filed, and *six months after the deadline for any amendment of the

pleadings in this case*. While Defendants may have had some suspicion or outright information

that Yarofalchuw was claiming they hurt him, there is little to suggest they were notified that he

would pursue an excessive force claim. In fact, the parties' Joint Case Management Statement

submitted to the Court prior to the entry of the scheduling order specifically states that "[n]o party expects to add any additional parties, or to otherwise amend the pleadings." (ECF No. 11 at 1 ¶ 3.)

Furthermore, Yarofalchuw's only statement in his complaint concerning the physical seizure and arrest was: "Defendant Fitial, under the supervision of Defendant Cabrera, ordered Plaintiff to place his hands behind his back, placed Plaintiff in handcuffs, and ordered Plaintiff to get into Defendant Fitial's vehicle." (Compl. ¶ 12.) There is not an inkling of an indication that there was excessive force used when Yarofalchuw was handcuffed. While the Ninth Circuit has described tight handcuffing as excessive force, *see LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000) (citing cases), Yarofalchuw does not even go that far in his complaint. Furthermore, Yarofalchuw's reliance on a Fifth Circuit decision to support his argument that a separate claim need not be expressly identified is misplaced. In *Hamilton v. Kindred*, the Fifth Circuit determined that the facts pleaded in the complaint demonstrably confirm excessive force was used. 845 F.3d 659, 662 (5th Cir. 2007) ("[Plaintiffs] have alleged that they were subjected to a use of force—the insertion of Bui's fingers into their vaginas and anuses—during the course of an investigatory stop."). There was no such similar detailed description of the use of force in Yarofalchuw's complaint here, and therefore no sufficient notice.

To the extent that Yarofalchuw argues his claim for unreasonable warrantless seizure encompasses his excessive force claim, the Court agrees with Defendant Fitial that this improperly conflates the two claims for unreasonable warrantless seizure and excessive use of force. As the U.S. Supreme Court stated in *County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1547 (2017) :

> [T]he objective reasonableness analysis must be conducted separately for each search or seizure that is alleged to be unconstitutional. An excessive force claim is a claim that a law enforcement officer carried out an unreasonable seizure through a use of force that was not justified under the relevant circumstances. It is not a claim that an officer used reasonable force after committing a distinct Fourth Amendment violation such as an unreasonable entry.

Here, Yarofalchuw would have to assert facts independently establishing his excessive force claim

from his unlawful seizure claim based on his alleged warrantless arrest at his home and absent exigent circumstances. *See Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) (citation omitted) ("Because the excessive force and false arrest factual inquiries are distinct, establishing a lack of probable cause to make an arrest does not establish an excessive force claim, and vice-versa."). Yet Yarofalchuw has failed to do so, and the Court will not construe his unreasonable warrantless seizure claim as encompassing an excessive force claim.

Finally, Yarofalchuw's reliance on *Aldan v. World Cup*, 267 F.R.D. 346 (D. N. Mar. I. 2010) to demonstrate diligence in ensuring the expeditious resolution of this case is misplaced. *Aldan* is distinguishable because there, the Court found that completely new information had come to light after discovery was conducted and the parties' stipulation to modify the scheduling order to include this new information established good cause. *Id.* at 358. Here, there is no new information. Yarofalchuw put all his eggs in one basket—the claim of an unreasonable warrantless seizure. That was a strategic decision Defendants are not responsible for.

By allowing Yarofalchuw to modify the scheduling order to permit him to include this claim would potentially require the parties to engage in a whole new set of discovery—discovery that would have closed the same day as the stipulation to stay the deadlines. Yarofalchuw knowingly failed to include a set of facts to support a claim of excessive force in his original complaint; he knowingly failed to request for or include in any discovery request evidence regarding excessive force; and, he knowingly failed to do any of this prior to the discovery cut-off date or the stay of the scheduling order's deadline, which were on the same day. Therefore, Yarofalchuw was not diligent in his decision to pursue a different cause of action—*different*, not new—and the scheduling order will not be modified.

**IV. CONCLUSION**

For the foregoing reasons, the Court finds that Federal Rule of Civil Procedure 16's good

cause inquiry applies, and Plaintiff Yarofalchuw has failed to demonstrate diligence or establish good cause. Therefore, the Court need not examine whether it should grant Plaintiff Yarofalchuw leave to amend his complaint pursuant to Federal Rule of Civil Procedure 15. Accordingly, the Court DENIES Plaintiff Yarofalchuw's Motion for Leave to Amend Complaint. (ECF No. 49.) The motion hearing scheduled for January 12, 2023 at 1:30 p.m. is hereby vacated.

IT IS SO ORDERED this 12th day of January, 2023.

RAMONA V. MANGLONA
Chief Judge

11